**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES E. GRIFFIN II,

Plaintiff-Appellant,

v.

DOROTHY DO-WILLIAMS; et al.,

Defendants-Appellees,

and

K. MARTIN; et al.,

Defendants.

No.   19-17521

D.C. No.
2:16-cv-01435-WBS-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted April 20, 2021[**]

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

California state prisoner Charles E. Griffin II appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly granted summary judgment on Griffin's deliberate indifference claim against defendants Do-Williams, Williams, Adams, Saipher, and Malakkla because Griffin failed to raise a genuine dispute of material fact as to whether these defendants knew of and disregarded an excessive risk to his health in the treatment of his osteoarthritis and chronic hip and back pain. *See Toguchi*, 391 F.3d at 1057-60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to inmate health; a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly dismissed Griffin's retaliation claim alleged in the second amended complaint because Griffin failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the

2

prison context).

We reject as without merit Griffin's contention that the district judge was biased or failed to conduct a de novo review of the magistrate judge's Findings & Recommendations.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**